IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SUSAN A. FIGG,                                      No. 3:16-CV-2020-HZ

        Plaintiff,

                                          OPINION & ORDER

    v.

BRUCE LEE SCHAFER, Director
of claims, Oregon State Bar's
Professional Liability Fund; WELLS
FARGO BANK, NORTHWEST,
NATIONAL ASSOCIATION, INC.;
JEFFREY S. FRASIER; BRIAN
CHENOWETH; GLEN SHEARER;
JOSEPH D. MCDONALD; SAM
FRIEDENBERG; and LLOYD R.
SUMMERS,

        Defendants.

//

OPINION & ORDER - 1

Susan A. Figg
1771 N.W. Caitlin Terrace
Portland, Oregon 97229

  Pro Se Plaintiff

Lee C. Nusich
Hans N. Huggler
Lane Powell PC
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204

  Attorneys for Defendant Wells Fargo Bank, National Association

Janet M. Schroer
Hart Wagner LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205

  Attorney for Attorney Defendants

HERNÁNDEZ, District Judge:

  Plaintiff Susan Figg brings this action against Wells Fargo Bank, National Association, Inc. ("Wells Fargo"), Bruce Schafer, Jeffrey Fraiser, Brian Chenoweth, Glen Shearer, Joseph McDonald, Sam Friedenberg, and Lloyd Summers (collectively "Attorney Defendants"). Plaintiff's claims arise from a protracted probate dispute over her deceased father's estate. Plaintiff now brings claims against Defendants under 18 U.S.C. Chapters 19, 41, and 96 (Racketeer Influenced and Corrupt Organizations ("RICO")). Before the Court are Wells Fargo and Attorney Defendants' motions to dismiss. For the reasons discussed below, both motions are granted.

//

//

//

//

OPINION & ORDER - 2

BACKGROUND

In 2010, Plaintiff was co-trustee of her father's estate with her brother Scott Axtel. Compl. Part III at 1.[1] Plaintiff and Axtel fought over the trust and Plaintiff believed that her brother had wrongfully taken money from the trust and committed tax fraud. Id. at 2. She attempted to remove her brother as co-trustee in Multnomah County Circuit Court. Id. at 3. A trial was held and the court found against her. Id. At that point, Plaintiff resigned as co-trustee. Id. In addition, she brought a series of malpractice claims against her attorneys, her brother's attorneys, and the attorney who drafted the estate documents. Id. at 3–4. Plaintiff extended her claims to Defendant Schafer, the Director of Claims for the Oregon State Bar Professional Liability Fund. Compl. Attach. 1 at 57. Thus far, she has not prevailed on any of her claims and has become subject to multiple judgments. Id. at 5. Plaintiff's bank accounts were emptied and her home was sold to satisfy the judgments against her. Id. at 6–8.

Plaintiff brings her RICO claims before this Court against Defendants alleging a "whole host of criminal activity, including racketeering, tax fraud, wire fraud, mail fraud, extortion, conspiracy, emotional distress, pain and suffering, along with losing my freedom by being arrested and held against my will." Compl. Part. III at 8. Plaintiff initially appears to claim that her brother, who is not a defendant in this case, was engaged in various forms of fraud. Id. at 2, 4. However, by the end of her Complaint, Plaintiff asserts that Defendants played a role in these unlawful activities. Id. at 8; Compl. Attach. 1 at 57. She asserts that she has approximately 1,000 documents "showing conspiracy, extortion, money laundering, tax fraud, mail fraud, wire fraud, and a host of other unlawful activities." Compl. Attach. 1 at 57. She seeks $80,000,000 in

---

[1] Plaintiff's Complaint contains three components. ECF 1. Citations to "Compl." refer to the first six pages of the complaint. Citations to "Compl. Part III" refer to the following nine pages titled "III. Statement of Claim." Citations to "Compl. Part IV" refer to the unnumbered page after Part III titled "Prayer for Relief."

compensatory and punitive damages as well as declaratory relief and other appropriate forms of relief. Compl. Part IV.

STANDARDS

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[,]" meaning "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Additionally, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679. A complaint must contain "well-pleaded facts" which "permit the court to infer more than the mere possibility of misconduct." Id. at 679. In evaluating the sufficiency of a complaint's factual allegations, the court must accept all material facts alleged in the complaint as true and construe them in the light most favorable to the non-moving party. Wilson v. Hewlett–Packard Co., 668 F.3d 1136, 1140 (9th Cir. 2012). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations and footnote omitted). However, the court need not accept unsupported conclusory allegations as truthful. Holden v. Hagopian, 978 F.2d 1115, 1121 (9th Cir. 1992). A motion to dismiss under Rule 12(b)(6) will be granted if a plaintiff alleges the "grounds" of her "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555.

As the Ninth Circuit has instructed, however, courts must "continue to construe pro se filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A pro se complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." Id. (quoting

Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam)). A pro se litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1130–31 (9th Cir. 2000).

DISCUSSION

Plaintiff brings her claims under 18 U.S.C. Chapters 19, 41, and 96. Compl. at 4. Chapter 19 of Title 18 refers to conspiracy to commit offenses or defraud the United States. 18 U.S.C. §§ 371–373. Chapter 41 defines the elements of crimes related to extortion and threats. 18 U.S.C. §§ 871–880. Chapter 96 defines racketeering activities and provides a private cause of action for individuals harmed by the conduct of an enterprise through a pattern of racketeering activities. 18 U.S.C. §§ 1961–1962, 1964. Wells Fargo moves to dismiss Plaintiff's Complaint on the grounds that: she does not allege any wrongful conduct on its part whatsoever; two of the RICO chapters she uses do not support an implied private cause of action; and she fails to state a civil RICO claim. Wells Fargo Mot. to Dismiss at 3–4, ECF 12. Attorney Defendants also argue that two of the RICO chapters Plaintiff invokes cannot support her claims and that she fails to allege a plausible civil RICO claim. Att'y Defs.' Mot. to Dismiss at 7–9, ECF 13.

I.   **Plaintiff's Claims Brought Under Criminal Provisions of RICO**

Chapter 19 and 41 of Title 18 of the United States Code do not provide Plaintiff with a private cause action. See Diamond v. Charles, 476 U.S. 54, 64 (1986) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another."). Both chapters are criminal statutes that do not convey private rights of action. See Acevedo v. Cerame, 156 F. Supp. 3d 1326, 1329 (D.N.M. 2015) (citing Diamond, 476 U.S. at 64) (holding that Chapter 41 does not provide a private cause of action); Rockefeller v. U.S. Court of Appeals Office, 248 F. Supp. 2d 17, 23 (D.D.C. 2003) (holding that Chapter 19 does not provide a private cause of

action); see also Black v. Sciver, No. 116CV00841DADJLT, 2016 WL 4594981, at *5 (E.D. Cal. Sept. 2, 2016) (holding that neither chapter creates a private cause of action and providing a digest of published decisions that have "declined to find a private cause of action created by a bare criminal statute"). Accordingly, Plaintiff cannot make out claims under Chapter 19 and 41 and her claims are dismissed with prejudice.

## II. Plaintiff's Civil RICO Claim

Unlike Chapters 19 and 41, Chapter 96 supports Plaintiff's claim; however, she fails to plausibly plead a civil RICO claim. Chapter 96 of Title 18 of the United States Code provides a private cause of action for "[a]ny person injured in his business or property by reason of a violation of [18 U.S.C. § 1962]." 18 U.S.C. § 1964(c). Section 1962 "prohibit certain patterns of racketeering in relation to an enterprise." United Bhd. of Carpenters & Joiners of Am. v. Bldg. & Const. Trades Dep't, AFL-CIO, 770 F.3d 834, 837 (9th Cir. 2014) (internal quotation marks and alternations omitted). "The elements of a civil RICO claim are as follows: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's business or property." Id. (quotation marks and citations omitted). Section 1961(1) defines many predicate acts, including in relevant part: bribery, extortion, mail fraud, wire fraud, financial institution fraud, and racketeering. 18 U.S.C. § 1961(1).

Plaintiff fails to allege a plausible civil RICO claim because her Complaint makes no factual allegations with respect to Wells Fargo and merely alleges "labels and conclusions" with respect to Attorney Defendants. First, as to Wells Fargo, Plaintiff fails to allege any wrongful conduct on its part. She alleges only that she and her brother both have bank accounts with Wells Fargo. Compl. Attach. 1 at 2–3. Because Plaintiff fails to allege any predicate acts on the part of

Wells Fargo, her civil RICO claim against it fails and it is dismissed without prejudice. For the reasons discussed below, the Court grants Plaintiff leave to amend this claim in her Complaint.

Second, with respect to Attorney Defendants, Plaintiff repeatedly makes conclusory allegations that there were various forms of fraud, extortion, and racketeering. Compl. Part III at 4, 6, 8. At first blush, Plaintiff's allegations appear to refer to her brother's alleged theft from the trust and tax evasion. Id. at 4. Later in her Complaint, however, Plaintiff appears to imply that Defendants also engaged in these predicate acts. Id. at 8. A motion to dismiss will be granted if the grounds that Plaintiff relies upon which to make her claims are nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555.

Plaintiff does not allege any statutory provision within Chapter 96, conduct by any Defendant that violated RICO, nor any facts which would allow the court to infer that Defendants are liable for the alleged misconduct. Once more, the Complaint restates in a conclusory fashion that "there was a whole host of criminal activity." Compl. Part. III at 8. The Complaint does not attribute this criminal activity to any Defendant, nor does it describe the conduct that allegedly forms the basis of this criminal activity. In other words, Plaintiff's alleges nothing more than "labels and conclusions" as grounds for relief. The Court, therefore, dismisses Plaintiff's civil RICO claim brought under 18 U.S.C. Chapter 96.[2]

Out of an abundance of caution, the Court grants Plaintiff leave to amend her Complaint to include additional factual allegations that Defendants violated 18 U.S.C. § 1964. "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." United

---

[2] Because the Court dismisses Plaintiff's civil RICO claims on other grounds, it does not reach Wells Fargo's argument that her claims are barred by the statute's four year limitations period. See Wells Fargo Mot. to Dismiss at 3–4.

Bhd. of Carpenters & Joiners of Am., 770 F.3d at 845 (internal quotation marks and citation omitted); Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."). Plaintiff may submit an amended complaint that satisfies Rules 8 and 12 of the Federal Rules of Civil Procedure and is in conformance with the standards set out above in this Opinion. "Any amended complaint which plaintiff may elect to file must also include concise but complete factual allegations describing the conduct and events which underlie [her] claims." Black, 2016 WL 4594981, at *6.

CONCLUSION

For the reasons discussed above, Wells Fargo and Attorney Defendants' motions to dismiss [12] and [13] are granted. Plaintiff's claims brought under 18 U.S.C. Chapter 19 and 41 are dismissed with prejudice. Plaintiff's civil RICO claim brought under 18 U.S.C. § 1964 is dismissed without prejudice and the Court grants her leave to amend her Complaint within ten days from the date of this Order.

Dated this ____23____ day of ____January____, 2017.

_____
MARCO A. HERNÁNDEZ
United States District Judge

OPINION & ORDER - 8