IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SUSAN A. FIGG,

        Plaintiff,

   v.

BRUCE LEE SCHAFER, Director of claims, Oregon State Bar's Professional Liability Fund; WELLS FARGO BANK, NORTHWEST, NATIONAL ASSOCIATION, INC.; JEFFREY S. FRASIER; BRIAN CHENOWETH; GLEN SHEARER; JOSEPH D. MCDONALD; SAM FRIEDENBERG; and LLOYD R. SUMMERS,

        Defendants.

No. 3:16-CV-2020-HZ

OPINION & ORDER

//

Susan A. Figg
1771 N.W. Caitlin Terrace
Portland, Oregon 97229

    Pro Se Plaintiff

Lee C. Nusich
Hans N. Huggler
Lane Powell PC
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204

    Attorneys for Defendant Wells Fargo Bank, National Association

Janet M. Schroer
Hart Wagner LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205

    Attorney for Attorney Defendants

HERNÁNDEZ, District Judge:

    Before the Court are Defendants' motions to dismiss Plaintiff's Amended Complaint pursuant to Rules 12 and 41 of the Federal Rules of Civil Procedure. ECF 25, 26. Plaintiff has not responded to either motion. The Court previously granted Defendants' motions to dismiss Plaintiff's original Complaint. *See* Op. & Order, Jan. 23, 2017, ECF 18. In that Order, the Court dismissed some of Plaintiff's claims with prejudice and granted Plaintiff leave to amend her remaining claims. The Court ordered that Plaintiff's Amended Complaint Comport with Rules 8 and 12 of the Federal Rules of Civil Procedure and be filed within ten days of the entry of that Order. *Id.* Because Plaintiff's Amended Complaint does not comport with this Court's Order, fails to cure the defects identified in her original Complaint, and is untimely filed, the Court Dismisses this case with prejudice.

//

//

BACKGROUND

The facts giving rise to Plaintiff's claims can be found in this Court's previous order. *Id.* at 3–4. Plaintiff's Amended Complaint is three pages long and does not re-allege the substance of her claims dismissed in the original Complaint. Am. Compl., ECF 20. The document only discusses irrelevant details about bank accounts with Wells Fargo. *Id.* In support of the Amended Complaint, Plaintiff submitted her declaration with a seventy-nine page attachment described as an "index" of Defendants' activities presented in chronological order. *See* Figg Decl., Ex. 1, ECF 21.

STANDARDS

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[,]" meaning "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Additionally, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679. A complaint must contain "well-pleaded facts" which "permit the court to infer more than the mere possibility of misconduct." Id. at 679. In evaluating the sufficiency of a complaint's factual allegations, the court must accept all material facts alleged in the complaint as true and construe them in the light most favorable to the non-moving party. Wilson v. Hewlett–Packard Co., 668 F.3d 1136, 1140 (9th Cir. 2012). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations and footnote omitted). However, the court need not accept unsupported conclusory allegations as truthful. Holden v. Hagopian, 978 F.2d 1115, 1121 (9th Cir. 1992). A motion to dismiss under Rule 12(b)(6) will be granted if a

plaintiff alleges the "grounds" of her "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555.

As the Ninth Circuit has instructed, however, courts must "continue to construe pro se filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A pro se complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam)). A pro se litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1130–31 (9th Cir. 2000).

Additionally, Defendants move to dismiss the Amended Complaint pursuant to Rule 41(b) for failure to comply with the Court's orders. "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992), as amended (May 22, 1992) (quoting *Thompson v. Hous. Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986)).

DISCUSSION

Plaintiff's Amended Complaint fails to meet the requirements of Rules 8 and 12 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8, 12. Rule 8 requires a short and plain statement of the claims and a demand for relief from the court. Fed. R. Civ. P. 8(a)(2)–(3). The Amended Complaint does not contain any claims or a demand for relief. Rule 8 also requires that the allegations be concise and direct. Fed. R. Civ. P. 8(d). The Court construes Plaintiff's

declaration as the source for the factual allegations supporting her Amended Complaint, and concludes that a seventy-nine page "index" of Defendants' alleged activities is neither concise nor direct. Additionally, Rule 12 permits dismissal of a complaint that fails to state a claim. Fed. R. Civ. P. 12(b)(6). Because the Amended Complaint does not contain any claims for relief, dismissal is dully warranted under Rule 12. Accordingly, the Amended Complaint is dismissed in its entirety pursuant to Rules 8 and 12.

The remaining question is whether the Court should dismiss Plaintiff's claims with prejudice pursuant to Rule 41, which would terminate her case with this Court and prevent her from filing a second amended complaint. Defendants' motions to dismiss were filed on February 12 and 13 of this year. To date, Plaintiff has not responded to either motion, requested an extension of time to file her response, or otherwise indicated that she intends to oppose the motions. The Court concludes that the five traditional factors considered under Rule 41(b) weigh in favor of dismissing Plaintiff's case with prejudice. Dismissing the case with prejudice at this juncture would serve the public's interest in expeditious resolution of this litigation. Removing this case from the Court's docket would conserve judicial resources. The seven named individual Attorney Defendants would be prejudiced with undue litigation related burdens if the Court permitted this case to continue. Plaintiff's claims are meritless and disposing of this case under Rule 41 is not contrary to the fourth factor's public policy considerations. Finally, the less drastic alternative, granting leave to amend, would inevitably require Defendants to file a third round of motions to dismiss. The Amended Complaint fails to state a claim and any future amendment will not cure that deficiency. A less drastic remedy is unavailable to the Court.

//

//

## CONCLUSIONS

Defendants motions to dismiss [25], [26] are GRANTED. This case is DISMISSED with prejudice.

Dated this \_\_27\_\_ day of \_\_March\_\_, 2017.

*/s/ Marco Hernández*
MARCO A. HERNÁNDEZ
United States District Judge