IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SUSAN A. FIGG, | No. 3:16-CV-2020-HZ |
| Plaintiff, | OPINION & ORDER |
| v. | |
| BRUCE LEE SCHAFER, Director of claims, Oregon State Bar's Professional Liability Fund; WELLS FARGO BANK, NORTHWEST, NATIONAL ASSOCIATION, INC.; JEFFREY S. FRASIER; BRIAN CHENOWETH; GLEN SHEARER; JOSEPH D. MCDONALD; SAM FRIEDENBERG; and LLOYD R. SUMMERS, | |
| Defendants. | |

//

1 – OPINION & ORDER

Susan A. Figg
1771 N.W. Caitlin Terrace
Portland, Oregon 97229

    Pro Se Plaintiff

Lee C. Nusich
Hans N. Huggler
Lane Powell PC
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204

    Attorneys for Defendant Wells Fargo Bank, National Association

Janet M. Schroer
Hart Wagner LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205

    Attorney for Attorney Defendants

HERNÁNDEZ, District Judge:

Before the Court is Plaintiff's Motion and Order Setting Aside Order of Dismissal and Reinstating the Case [32]. The Court previously dismissed Plaintiff's case with prejudice. *See* Op. & Order, Mar. 27, 2017, ECF 27. Plaintiff's Amended Complaint was dismissed because it "did not comport with this Court's Order, fail[ed] to cure the defects identified in her original Complaint, and [was] untimely filed[.]". *Id.* at 1. Specifically, Plaintiff untimely submitted a seventy-nine page Amended Complaint that did not contain any claim for relief. *Id.* at 4–5. The Court dismissed the case with prejudice under Rule 41(b) after determining that the five traditional factors associated with that rule favored such a result. Plaintiff did not respond to Defendants' motions to dismiss, nor did she file an appeal of the Court's order granting Defendants' motions. Now, Plaintiff seeks to set aside the Court's judgment against her and file

a second amended complaint. *See* Pl.'s Mot., ECF 32. Because Plaintiff has not demonstrated that she is entitled to relief from the Court's prior judgment, the motion is denied.

Plaintiff explains that she did not file her Amended Complaint on time "due to a weather delay on Friday, February 3, 2017." *Id.* at 1. She further explains that the reason she "now wants to go forward is that [she] now ha[s] a clearer and more concise understanding of what the Court is asking [her] to do and [she has] cured the defects identified in [her] original Complaint." *Id.* at 2. Plaintiff does not invoke any legal basis for her motion and the Court construes it as a motion for relief from an order or judgment under Rule 60(b). That ruled provides, in relevant part: "On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect[.]" Fed. R. Civ. P. 60(b)(1).

Plaintiff's claim of inclement weather does not address the Court's primary reasons for dismissing her Amended Complaint nor does it explain why she is entitled to relief from the judgment. Accordingly, Plaintiff has not demonstrated that any "mistake, inadvertence, surprise, or excusable neglect" justifies granting her relief from the Court's judgment. *See* Fed. R. Civ. P. 60(b)(1). Therefore, Plaintiff's Motion is denied.

## CONCLUSION

Plaintiff's Motion and Order Setting Aside Order of Dismissal and Reinstating the Case [32] is DENIED.

Dated this 13 day of September, 2017.

MARCO A. HERNÁNDEZ
United States District Judge